IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-294-RAW |
| ) | |
| ANDREW PETER ROSE, SR., and ) | |
| ASHLEY MARIE BROWN, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is the motion of the defendant Rose for a bill of particulars (#66), which defendant Brown has moved to join (#70). The court grants defendant Brown's motion to join and will address the motion as to both defendants. The indictment (#23) charges both defendants with one count of child abuse in Indian Country and one count of child neglect in Indian Country. Under Rule 7(c)(1) F.R.Cr.P., an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

Defendant may move for a bill of particulars "before or within 14 days after the arraignment or at a later time if the court permits." Rule 7(f). Here, the arraignment was held for defendant Rose on September 3, 2021, but defendant's motion was not filed until March 25, 2022.[1] "Defendant never sought permission from the Court to move for a bill of

---

[1] The arraignment for defendant Brown was held on September 14, 2021, and the motion to join the present motion (#70) was filed on March 25, 2022.

particulars; his motion is therefore procedurally barred." *United States v. Menees,* CR-21-151-TDD (E.D.Okla.)(docket no.67 at 7). On the other hand, the government has not objected on grounds of untimeliness, and argues that the indictment is sufficient as it stands. The court elects to consider the motion on its merits, although the ruling may necessarily affect scheduling.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy,* 83 F.3d 1266, 1281 (10th Cir.1996). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir.2007). A defendant is not entitled to know all of the evidence the government intends to produce, but only the theory of the government's case, for a bill of particulars is not a discovery device. *See United States v. Dunn,* 841 F.2d 1026, 1029-30 (10th Cir.1988). The indictment need only quote the language of a statute and include the date, place, and nature of illegal activity. *United States v. Doe,* 572 F.3d 1162, 1173 (10th Cir.2009).

The court finds the indictment sufficient as to time. Both counts allege a time frame of July 4, 2021 to August 3, 2021. It has been held that "'fairly large windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements' because of the inherent difficulties in investigating and prosecuting child abuse.'" *United*

*States v. Beasley,* 688 F.3d 523, 532-33 (8th Cir.2012)(citing *Valentine v. Konteh,* 395 F.3d 626, 632 (6th Cir.2005)).  More specificity as to place has not been requested.

In other respects, however, the motion will be granted.  For one thing, this is an indictment charging two defendants and the indictment does not specify the nature of each other's conduct.  Further, because of legal issues raised in the defendants' motions to dismiss, more specificity will be helpful to the court and the parties.

It is the order of the court that the motion of defendant Brown to join (#70) is granted.  The motion of the defendants for a bill of particulars (#66) is granted.  The government shall file a bill of particulars on or before April 20, 2022, detailing as specifically as possible (1) the specific alleged act or omission of each defendant constituting an offense or crime; (2) whether an alleged act or omission is alleged to have been committed individually or jointly with the other defendant.

**ORDERED THIS 11th DAY OF APRIL, 2022.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**