IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-294-RAW |
| ANDREW PETER ROSE, JR. and ) | |
| ASHLEY MARIE BROWN, ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is the motion of defendant Rose to dismiss Count One of the indictment (#64), which co-defendant Brown has moved to join (#71). The court grants defendant Brown's motion to join (#71) and will consider the merits of the motion to dismiss as to both defendants.

Defendants were indicted by a federal grand jury on August 24, 2021 on Count One (child abuse in Indian Country) and Count Two (child neglect in Indian Country). Both defendants are charged in both counts. The substantive statute as to Count One is 21 O.S. §843.5(A), and as to Count Two is 21 O.S. §843.5(C). "[T]hrough the [Assimilative Crimes Act (ACA), 18 U.S.C. §13], federal law incorporates state law offenses committed by non-Indians in Indian country." *United States v. Menees,* 2022 WL 1004868, *2 (E.D.Okla.2022).(citing *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020)).[1]

---

[1] This order may also be found in CR-21-151-TDD (E.D.Okla.)(docket no.120). The present indictment does not indicate if the defendants are non-Indians.

State statutes assimilated by the ACA in effect become federal statutes. *United States v. Twitty,* 859 Fed.Appx. 310 (10th Cir.2021). If the state-law crime is not already a federal offense, the ACA acts as a gap-filler allowing the government to apply state law. "Child abuse and neglect are not themselves federal offenses, creating a gap in federal law when these offenses are committed by non-Indians against an Indian victim in Indian country." *Mensees,* at *2. "Defendants, thus, may be indicted in this Court for violations of [21 O.S. §§843.5(A) and 843.5(C)]". *Id.*

By its own terms, the ACA applies only if the "act or omission" in question is <u>not</u> made punishable by "any enactment of Congress." In other words, the ACA "does not adopt state law 'where there is no gap to fill.'" *United States v. Harris,* 10 F.4th 1005, 1010 (10th Cir.2021)(citations omitted). This is the issue presented by the present motion. Defendants argue that, under the facts of this case, there is no "gap" because the federal assault statute, 18 U.S.C. §113, occupies the field.

Under Supreme Court precedent, a two-step inquiry for the court is as follows: (1) is the defendant's act or omission made punishable by any enactment of Congress. If not, then the state statute may be assimilated. If the answer is "yes," the court must ask (2) whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say, because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field

as would exclude use of the particular state statute at issue. *Id.* at 1010-1011 (quoting *Lewis United States,* 523 U.S. 155, 164 (1998)).

The present motion contends that, while the indictment itself merely tracks statutory language, "based on the Sealed Complaint, it is believed that the Government will allege that Defendant(s) assaulted and injured the minor child." (#64 at 2).[2] The complaint (#1) states an allegation, solely as to defendant Rose, that he "inflicted blunt force trauma upon and/or intentionally striking and wounding 5-year-old B.S., resulting in significant and life-threatening injury to B.S. including broken ribs, perforated bowels, and a severe abdominal injury."  This conduct would indeed appear to be subject to indictment under 18 U.S.C. §113(a)(6) or (7).

The government, however, is not restricted to a factual statement in the criminal complaint, which does not refer to defendant Brown in any event. Title 21 O.S. §843.5(A) potentially covers a broader range of conduct. In passing, the Supreme Court referred to "lower court cases that have assimilated state child abuse statutes despite the presence of a federal assault law"[3] and observed that "the federal assault prohibition is less comprehensive than the federal murder statute" with which the Supreme Court was concerned. *Lewis,* 523 U.S. at 171-72. In other words, it is possible <u>some</u> of the government's proof would involve

---

[2]A motion to unseal the case (#5) has been granted (#6).

[3]For example, *United States v. Brown,* 608 F.2d 551 (5th Cir.1979).

3

conduct that could come under the federal assault statute and some would only come under the state statute.

On a motion to dismiss, the indictment is tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. *United States v. Mobley,* 971 F.3d 1187, 1195 (10th Cir.2020)(citation omitted). Where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges. *Id.* at 1196 (citation omitted).

In any event, there is a split of authority as to whether the court can consider the complaint and the agent's affidavit in ruling on a motion to dismiss. *See United States v. Hussaini,* 2022 WL 138474 n.3 (S.D.Fla.2022); *United States v. McHugh,* 2022 WL 296304 n.2 (D.D.C.2022). Given the Tenth Circuit standard, described in the preceding paragraph, the court declines to do so.[4]

In a companion order, the court granted the defendants' motion for bill of particulars. This will likely require revisiting this issue even before the Rule 29 stage.

---

[4] The Tenth Circuit has stated that if it is clear that the two-step inquiry is satisfied, then the need for dismissing an assimilated crime may be evident even before trial. *See United States v. Christie,* 717 F.3d 1156, 1170-71 (10th Cir.2013). In other words, the issue may be revisited at the Rule 29 stage.

It is the order of the court that the motion of defendant Brown to join (#71) is granted.

The motion of the defendants to dismiss Count One (#64) is hereby denied without prejudice.

**ORDERED THIS 11th DAY OF APRIL, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**