## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-294-RAW** |
| **ANDREW PETER ROSE, JR. and** | ) | |
| **ASHLEY MARIE BROWN,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the court is the motion of defendant Brown to dismiss the indictment (#65), which co-defendant Rose has moved to join (#68). The court grants defendant Rose's motion to join and will consider the merits of the motion to dismiss as to both defendants.

Defendants were indicted by a federal grand jury on August 24, 2021 on Count One (child abuse in Indian Country) and Count Two (child neglect in Indian Country). Both defendants are charged in both counts. The substantive statute as to Count One is 21 O.S. §843.5(A), and as to Count Two is 21 O.S. §843.5(C). Defendants argue that these Oklahoma statutes are unconstitutionally vague on their face and as applied.

These issues have been recently litigated and the court has the benefit of decisions in this regard. Many are from the Eastern District of Oklahoma. While only a decision from the Tenth Circuit is binding precedent, in an unsettled area it would take extraordinary circumstances for the undersigned to create a split of authority within the District itself. In any event, the court finds the decisions well-reasoned and persuasive.

First, the facial challenge will be addressed.  Tenth Circuit authority is that "a court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement." *United States v. Rodebaugh,* 71 F.3d 1281, 12194 (10th Cir.2015).  Defendants argue that recent Supreme Court authority has abrogated or modified this traditional rule.  After a thorough analysis, Judge Dishman (sitting by designation) concluded: "In short, the Tenth Circuit has unequivocally instructed that a court should consider a law's facial vagueness only if it threatens to chill First Amendment or other constitutionally protected conduct or if the challenge is made before enforcement.  This Court is bound to apply that law unless an intervening Supreme Court decision contradicts or invalidates the Tenth Circuit's analysis. . . . [F]or the reasons discussed above, the Court concludes that those [intervening Supreme Court decisions] do not invalidate or contradict the Tenth Circuit's precedent on who may bring a facial challenge." *United States v. Perez,* CR-21-158-JWD, (docket no.164 at 13) (E.D.Okla.2022).

Defendants contend that they nevertheless may bring a facial challenge because the challenged statutes infringe upon Brown's First Amendment rights of family association and child rearing.  This argument has been rejected by Judge DeGiusti (sitting by designation): "Defendants, however, provide no authority for the proposition that child abuse and neglect statutes implicate the First Amendment.  At least one federal district court in Oklahoma has found §843.5(C) does not implicate a parent's First Amendment rights.  Further, several courts have found other child abuse statutes do not implicate a defendant's First Amendment

rights.   The arguments raised in the instant motion do not convince the Court that Oklahoma's child abuse and neglect statutes implicate his First Amendment rights." *United States v. Menees,* 2022 WL 1004868, **1-2 (E.D.Okla.2022) CR-21-151-TDD (docket no.120)(citations omitted).   The undersigned agrees, and this argument is also rejected.

The court now addresses the as-applied challenge.   "A statute can be impermissibly vague for either of two independent reasons.   First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.   Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Rodebaugh,* 798 F.3d at 1295.   Judge DeGiusti rejected such a challenge regarding these statutes, finding "[c]onsidering the allegations in this case . . . a person of ordinary intelligence would have understood that [the] alleged conduct was proscribed" by the state statutes. *Id.* (Docket no. 67 at 5). *See also United States v. Dennis,* 2020 WL 7348008, *4 (N.D.Okla.2020)("Defendant has cited no authority suggesting that Oklahoma courts have struggled with interpreting the definition of child neglect."); *Cf.* "[T]here is no judicial history of courts struggling to appreciate what particular conduct Congress meant to reach" with the [federal] statutes "or to apply the statutory terms to varying sets of facts." *United States v. Cook,* 970 F.3d 866, 877 (7th Cir.2020).   The challenge is denied at this time.

In any event, the Tenth Circuit has indicated that an as-applied void-for-vagueness challenge should await the factual development of a trial. *See United States v. Reed,* 114 F.3d 1067, 1070 (10th Cir.1997).   Moreover, in a companion order this court granted

defendants' motion for a bill of particulars. Therefore, denial of the present motion is without prejudice.

It is the order of the court that the motion of defendant Rose to join (#68) is granted. The motion of the defendants to dismiss the indictment (#65) is hereby denied without prejudice.

**ORDERED THIS 11th DAY OF APRIL, 2022.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4