# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-294-RAW** |
| **ANDREW PETER ROSE, JR. and** | ) | |
| **ASHLEY MARIE BROWN,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the court is the motion of defendant Brown to sever (#67), which co-defendant Rose has moved to join (#69). The court will grant Rose's motion to join and will consider the merits of the motion to sever as to both defendants. Defendants were indicted by a federal grand jury on August 24, 2021 on Count One (child abuse in Indian Country) and Count Two (child neglect in Indian Country). Both defendants are charged in both counts.

Rule 8(b) F.R.Cr.P. (which permits an indictment to charge two or more defendants) expresses the preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 14(a) F.R.Cv.P. provides that a court may sever the trial of more than one defendant if joinder appears to prejudice a defendant or the government. Severance is required only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* at 539. Defendant bears the

heavy burden of showing real prejudice to her case.  *See United States v. Hall,* 473 F.3d 1295, 1302 (10th Cir.2007).

Severance is not warranted by a mere allegation that defendant would have a better chance of acquittal in a separate trial or a complaint of the "spillover" effect from the evidence that is more damaging against a co-defendant than that against the moving party. *United States v. Yurek,* 925 F.3d 423, 436 (10th Cir.2019).

Defendant first cites *Bruton v. United States,* 391 U.S. 123 (1968), which held that, in a joint trial, admitting a non-testifying defendant's out-of-court statement that implicates a co-defendant violates the Confrontation Clause even if the court instructs the jury to only use the statement against the defendant who made it.  Brown represents that co-defendant Rose gave a statement to FBI agents that might implicate Brown.[1]  Where a *Bruton* situation exists, the court may protect the defendant's Sixth Amendment rights by (1) excluding the statement, (2) severing the trial, or (3) redaction. *See United States v. Coleman,* 2020 WL 3051577, *3 (D.N.M.2020).

The government responds that it will satisfy *Bruton* through redaction.  A proper redaction, coupled with a proper limiting instruction when the statement is admitted, is likely satisfactory. *See United States v. Zar,* 790 F.3d 1036, 1052 (10th Cir.2015).  The redaction

---

[1]*Bruton* only applies when a non-testifying defendant's out-of-court statement is testimonial.  *See United States v. Morgan,* 748 F.3d 1024, 1038 (10th Cir.2014).  A statement to the FBI appears to fit the Tenth Circuit's definition of testimonial.  *See United States v. Clark,* 717 F.3d 790, 816 (10th Cir.2013).

must eliminate Brown's name and any reference to her existence.  *Id.*[2]  Severance will not be granted on *Bruton* grounds.

Next, Brown seeks severance on the basis of mutually antagonistic defenses.  In such circumstance, the court engages in a three step inquiry: (1) whether the defenses presented are so antagonistic as to be mutually exclusive; (2) whether there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence; (3) if the defendant shows the first two factors, the trial court exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration. *See United States v. Pursley,* 474 F.3d 757, 765 (10th Cir.2007).

The motion contends that defendant Rose "will likely argue that Ms. Brown alone is guilty of child abuse and child neglect; that he had nothing to do with B.S.'s injuries.  By contrast, Ms. Brown will contend that defendant Rose is solely responsible for B.S.'s injuries." (#67 at 7).  Facially, this appears a good argument for severance, and this is a close case.  Defendants, however, are charged with various manifestations of child abuse and child neglect, as well as aiding and abetting.  A jury could rationally find one, both, or neither defendant guilty.

---

[2]Of course, codefendant Rose may elect to testify.  *Bruton*'s prohibition applies only when the declarant co-defendant does not testify at trial.  *See United States v. Patterson,* 2011 WL 4807703, *2 (N.D.Okla.2011).

As to the first *Pursley* prong, "the conflict between the defendants' defenses must be such that the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *United States v. Jones,* 530 F.3d 1292, 1304 (10th Cir.2008). "[T]he conflict between co-defendants must be so intense that there is a danger the jury will unjustifiably infer from the conflict alone that both defendants are guilty." *United States v. Peveto,* 881 F.3d 844, 857 (10th Cir.1989). The court finds the first prong is not satisfied.

"In other words, the mere fact that codefendants accuse each other of the crime – a situation that is not uncommon – does not, in and of itself, require severance. If a jury instruction can cure any prejudice, severance is not necessary." *United States v. Lynch,* 2013 WL 1824631, *2 (W.D.Tex.2013). The jury will be instructed to separately consider the evidence against each defendant on each count and that its verdict as to one defendant should not influence its verdict as to the other defendant. *See* Tenth Circuit Pattern Instructions (Criminal) No. 1.22 (2021 ed.); *Yurek,* 925 F.3d at 437.

In a companion order, the court has directed the government to file a bill of particulars. The issue may need to be revisited at that time.

It is the order of the court that the motion of the defendants (#67) is hereby denied without prejudice.

4

**ORDERED THIS 11th DAY OF APRIL, 2022.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**